# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH FALCONI, | : | Case No. 1:08-cv-622 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]  THAT THE EAJA FEE PETITION FILED BY PLAINTIFF'S COUNSEL (Doc. 18) BE GRANTED, AND THAT COUNSEL THEREFORE BE AWARDED HIS REQUESTED $3,732 IN FEES AND COSTS

This case is a Social Security disability benefits appeal under which the Court – acting pursuant to 42 U.S.C. § 405(g), sentence four – reversed the non-disability finding of the Administrative Law Judge ("ALJ") below, and ordered a remand to the ALJ for further administrative proceedings.

Seeking to be compensated for his work in obtaining the reversal and remand, Plaintiff's counsel has filed a fee petition under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which is opposed by the Commissioner of Social Security ("Commissioner"). (Doc. 19).

The request for fees seeks to recover for 19 hours of work, at an hourly rate of

---

[1]   Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

$178.00 an hour (Doc. 18 at 5) and costs in the amount of $350.00. The Commissioner argues that no EAJA fees should be awarded to counsel because the government's litigation position was substantially justified. (Doc. 19).

## I.

The EAJA provides that:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Recognizing that plaintiff is a "prevailing party" as defined; that this civil action was brought against the United States; to review agency action by the Social Security Administration; and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees appear warranted, provided that the Commissioner's position during this litigation was not "substantially justified," and that no "special circumstances" exist to bar a fees award.

## II.

The "substantial justification" and "special circumstances" criteria are addressed in turn.

As the Sixth Circuit has explained:

2

> The Supreme Court . . . has adopted a reasonableness standard for determining if substantial justification exists. For the government's position to be substantially justified under the EAJA, its position must be justified in substance or in the main. Thus, the proper standard in EAJA cases is whether the government's position was justified, both in fact and law, to a degree that could satisfy a reasonable person.

*Tate v. Sec'y of Health & Human Servs.*, No. 94-3992, 1995 WL 646495, at *2 (6th Cir. Nov. 2, 1995) (per curiam) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)).

In a Report and Recommendation – subsequently adopted by United States District Judge Susan J. Dlott – the undersigned Magistrate Judge found that the Administrative Law Judge's ("ALJ") non-disability finding was subject to reversal because the ALJ improperly acted as her own medical expert, improperly weighed the medical evidence, and failed to give sufficient justification for rejecting the treating physicians' findings. (Doc. 15 at 16). The regulations *require* the ALJ to "always give good reasons in [the] notice of determination or decision for the weight" given to the claimant's treating source's opinion. 20 C.F.R. § 404.1527(d)(2). The ALJ failed to do so. Accordingly, the undersigned finds, as a matter of law, that the Commissioner's decision to support the ALJ's non-disability finding during the litigation of this matter was *not* justified, in both fact and law, to a degree that could satisfy a reasonable person.

Accordingly, EAJA fees should be awarded to Plaintiff's counsel for his work conducted before this Court in securing the reversal and remand.

No evidence at issue suggests that special circumstances bar a fee award here, and the undersigned, after carefully reviewing the record, finds none. The Commissioner

3

does not contest the amount of fees requested, and the undersigned finds that the fees requested are reasonable. Additionally, the Commissioner does not oppose the hourly fee proposed by Plaintiff's counsel, and the undersigned accepts the proposed rate, $178.00, as reasonable. The Commissioner also does not challenge the 19 hours of work claimed by Plaintiff's counsel. The undersigned has reviewed the work conducted by counsel and finds that all such work was reasonable and relevant to the prosecution of this matter.

IV.

The undersigned therefore **RECOMMENDS** that the EAJA fee petition filed by Plaintiff's counsel (Doc. 18) be **GRANTED**, and that counsel be **AWARDED** his requested **$3,732.00** in fees and costs.


Date:  April 13, 2010                              s/ Timothy S. Black
                                                   Timothy S. Black
                                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH FALCONI, | : | Case No. 1:08-cv-622 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **14 DAYS** of that party's receipt of this Report and Recommendation. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).